IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL PARKER and
RICK ZIMMERMAN,

      Plaintiffs,

vs.                                          No. CIV 13-1182 RB/GBW

LITHIA MOTORS, INC., d/b/a
LITHIA DODGE OF LAS CRUCES,
LITHIA MOTORS SUPPORT
SERVICES, INC., VINCENT ARMIJO,
Individually, RAY ALDERETTE, Individually,
and RUBEN LOZA, Individually,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Vincent Armijo, Raymond Alderette, and Ruben Loza's ("Individual Defendants") Motion to Dismiss. (Doc. 8). Plaintiffs oppose this motion. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and relevant law, the Court finds that this motion should be granted in part and denied in part.

   **I.**   **Background**

On December 27, 2012, Plaintiffs filed suit in this Court alleging federal whistle-blower violations and state-law claims concerning alleged alteration of customer credit applications during their employment with Lithia Motors, Inc., a publicly-traded company. (Doc. 1). The Court dismissed the matter without prejudice because Plaintiffs had failed to exhaust

administrative remedies. *See Parker, et al. v. Lithia Motors, Inc., et al.,* No. 2:12-cv-01326 RB/GBW (Doc. 34).

On December 13, 2013, Plaintiffs filed the instant action alleging claims for (1) whistleblower protection under the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A; (2) retaliation; (3), intentional interference with an economic relationship, (4) negligent interference with prospective economic advantage; (5) spoliation of evidence; (6) racial discrimination under the New Mexico Human Rights Act, N.M. STAT. ANN. § 28-1-7; (7) retaliation under the New Mexico Human Rights Act; (8) racial discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5(f); and (9) retaliation under Title VII. (Doc. 1).

The Individual Defendants move to dismiss all claims against them for failure to exhaust administrative remedies and lack of federal jurisdiction. Plaintiffs oppose the motion.

## II.     Standard

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. A Rule 12(b)(1) motion can take one of two forms. First, a moving party may lodge a facial attack against the complaint's allegations as to the existence of subject matter jurisdiction. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). In reviewing a facial attack, the Court must accept the well-pled factual allegations in the complaint as true. *Id.* at 1205-06. Second, a party may go beyond the allegations contained in the complaint and challenge "the facts upon which subject matter jurisdiction depends." *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005) (citation omitted). In reviewing a factual attack, the Court may look beyond the complaint and has wide discretion to consider evidence in the form of documents, affidavits, and even testimony. *Id.* (citations omitted). Only if resolution of the jurisdictional question requires review

of the merits of the substantive claims is a court required to convert a Rule 12(b)(1) motion into a Rule 56 summary judgment motion. *Id.* (citations omitted). In that the motion does not relate to the merits of Plaintiffs' claims, the Court may consider evidence outside the four corners of the Complaint in determining whether it has jurisdiction.

**III.    Discussion**

**A.    Sarbanes-Oxley Act**

The Sarbanes-Oxley Act prohibits any publicly traded company, or any officer thereof, from discharging or otherwise discriminating against any employee who "provide[s] information, cause[s] information to be provided, or otherwise assist[s] in an investigation regarding any conduct which the employee reasonably believes constitutes a violation" of an enumerated set of federal laws and regulations. 18 U.S.C. § 1514A(a)(1). The Act requires plaintiffs to exhaust their administrative remedies with the Secretary of Labor before commencing an action in federal court. *See* 18 U.S.C. § 1514A(b). The Occupational Safety & Health Administration ("OSHA") is the division of the Department of Labor that is responsible for performing investigations of complaints filed under the Sarbanes-Oxley Act. *Morrison v. MacDermid, Inc.,* 2008 WL 4293655, *3 (D. Colo. 2008). "This exhaustion requirement is jurisdictional." *JDS Uniphase Corp. v. Jennings*, 473 F.Supp.2d 705, 710 (E.D. Va. 2007); *see also, Jones v. UPS, Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) ("In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit.").

The Individual Defendants contend that Plaintiffs failed to exhaust administrative remedies with respect to the claims against them. On December 21, 2012, Plaintiffs filed complaints with OSHA naming Lithia Motors, Inc. d/b/a Lithia Dodge of Las Cruces as the defendant. (Docs. 1-1, 1-2, 8-1). Plaintiffs mentioned the Individual Defendants in the body of

3

their complaints, but they did not name them as parties. Plaintiffs claim that they did not name the Individual Defendants on the form because the form contained no field in which to name them.

Courts that have considered the issue have consistently held that a plaintiff may not assert a claim under the Sarbanes-Oxley Act against a particular defendant in federal court unless he has exhausted his administrative remedies as to that defendant. *See e.g., Genberg v. Porter,* 935 F. Supp. 2d 1091 (D. Colo. 2013); *Bridges v. McDonald's Corp.*, 2009 WL 5126962, at *4 (N.D. Ill. Dec. 21, 2009); *Smith v. Psychiatric Solutions, Inc.*, 2009 WL 903624, *8 (N.D. Fla. Mar. 31, 2009); *Thanedar v. Time Warner Cable, Inc.,* 2008 WL 8886544, *14 (S.D. Tex. Oct. 7, 2008); *Smith v. Corning, Inc.,* 2007 WL 2120375, at *2 (W.D. N.Y. July 23, 2007); *Bozeman v. Per-Se Technologies, Inc.*, 456 F.Supp.2d 1282, 1357 (N.D. Ga. 2006); *Smith v. Psychiatric Solutions, Inc.*, 2009 WL 903624, *8 (N.D. Fla. Mar. 31, 2009). Notably, it is insufficient to merely mention an individual in the body of the administrative complaint. *Bozeman, Inc.*, 456 F. Supp. 2d at 1358. Rather, the applicable regulations establish the necessity of listing each defendant as a particular "named person" who is alleged to have violated the Act. *See* 29 C.F.R. § 1980.101 ("Named person means the employer and/or the company or company representative named in the complaint who is alleged to have violated the act."). The courts that have considered this issue as well as the applicable regulations uniformly hold that a plaintiff may not assert a claim under the Sarbanes-Oxley Act against a particular defendant in federal court unless he has exhausted his administrative remedies as to that defendant. Plaintiffs' assertion that they did not name the Individual Defendants because the online OSHA complaint forms did not contain a separate field for an individual is not persuasive. The forms contain sufficient space to name the Individual Defendants as parties. (Docs. 1-1, 1-2, 8-1). By failing to include the Individual

Defendants as named persons in their administrative complaints submitted to OSHA, Plaintiffs failed to exhaust administrative remedies as to the Individual Defendants. As a result, this Court lacks subject matter jurisdiction over Plaintiffs' Sarbanes-Oxley Act claims against the Individual Defendants and these claims will be dismissed.

**B.     New Mexico Human Rights Act**

Similarly, the New Mexico Human Rights Act requires administrative exhaustion against each defendant before a plaintiff can bring suit. *See* N.M. STAT. ANN. § 28-1-13; *see also Sonntag v. Shaw*, 22 P.3d 1188, 1193 (N.M. 2001) (holding that a failure to name the owner of a corporation in his personal capacity barred suit against him in district court); *Mitchell-Carr v. McClendon*, 980 P.2d 65, 69 (N.M. 1999) (holding summary judgment was proper because the individual defendant was not named in the original New Mexico Human Rights Act administrative charge); *Sabella v. Manor Care, Inc.*, 915 P.2d 901, 903 (N.M. 1996) (requiring exhaustion of administrative procedures as a prerequisite to suit in district court); *Luboyeski v. Hill*, 872 P.2d 353, 355-56 (N.M. 1994) (holding that individual defendants could not be named for the first time in district court). The New Mexico Human Rights Act creates a cause of action against individuals, which necessarily requires the naming of these individuals in the administrative complaint, and requires administrative exhaustion against these individuals as a prerequisite to judicial remedies. *See Lobato v. N.M.Env't Dep't,* 267 P.3d 65, 68 (N.M. 2011).

Plaintiffs rely on *Lobato* to excuse their failure to name the Individual Defendants in their Charges of Discrimination. In *Lobato*, the Honorable Bruce D. Black, United States District Judge, certified to the New Mexico Supreme Court the question of whether the New Mexico Department of Labor's form for claims under the New Mexico Human Rights Act provided a fair and adequate opportunity for a pro se claimant to exhaust administrative remedies against

individual transgressors. *See Lobato v. N.M.Env't Dep't*, 09cv1203 BB/RLP, 2011 WL 7063240 (Mar. 21, 2011). The New Mexico Supreme Court held that the administrative form failed to provide a pro se claimant a fair and adequate opportunity to exhaust administrative remedies against individual defendants. *Lobato,* 267 P.3d at 69. In fashioning an appropriate remedy for that particular claimant, the *Lobato* Court determined that preserving the claimant's access to the courts outweighed administrative notice and prejudice concerns. It bears underscoring that the *Lobato* Court relied on equitable considerations arising from the claimant's pro se status and explicitly limited its holding to the unique facts of that case. *See id*. ("Balancing the equities, we hold that in these limited circumstances the requisite administrative exhaustion of the NMHRA should not be required in order for Plaintiff to pursue his judicial remedies under the statute.") Notably, *Lobato* did not overrule *Sonntag*, *Mitchell-Carr*, *Sabella*, or *Luboyeski*. Rather, *Lobato* applied an equitable remedy to avoid injustice to the claimant in that case. *See Lobato,* 267 P.3d at 69.

In the instant case, Plaintiffs filed their Charge of Discrimination forms with the Human Rights Bureau of the New Mexico Department of Workforce Solutions on March 18, 2013. (Doc. 8-2). Plaintiffs identified Lithia Dodge of Las Cruces and Lithia Motors, Inc. as the entities responsible for discriminating against them on the basis of their race and retaliating against them for complaining to the human resources department and retaining counsel. *Id*. Unlike the claimant in *Lobato*, Plaintiffs were represented by counsel at the time they filed their Charges of Discrimination. *Id*. This crucial distinction renders the holding of *Lobato* inapplicable to Plaintiffs' situation. The law applying the New Mexico Human Rights Act is well-settled; individual defendants must be identified as defendants in the administrative charge absent the exceptional equitable circumstances that were present in *Lobato*. *See Lobato*, 267 P.3d at 68;

6

*Sonntag,* 22 P.3d at 1193; *Mitchell-Carr*, 980 P.2d at 69; *Sabella*, 915 P.2d at 903; *Luboyeski*, 872 P.2d at 355-56. Because Plaintiffs were represented by counsel and the equitable considerations present in Lobato are not present here, the holding in *Lobato* does not excuse the Plaintiffs' failure to identify Individual Defendants as parties in their Charges of Discrimination filed with the New Mexico Human Rights Bureau. Accordingly, Plaintiffs' New Mexico Human Rights Act claims against the Individual Defendants will be dismissed for failure to exhaust administrative remedies.

**C.     Title VII**

After the motion was filed, Plaintiffs filed a Notice of Voluntary Dismissal of their Title VII claims against the Individual Defendants. (Doc. 17). Because Plaintiffs have voluntarily dismissed their Title VII claims as to the Individual Defendants, the arguments concerning these claims against the Individual Defendants are moot.

**D.     Supplemental Jurisdiction**

The Individual Defendants move to dismiss all claims against them on the ground that this Court's jurisdiction is absent as to the state-law claims because jurisdiction is absent relative to the federal claims asserted by Plaintiffs. It appears from the record as currently developed that the Court has original federal jurisdiction over Plaintiffs' Title VII and Sarbanes-Oxley Act claims against Lithia Motors, Inc. d/b/a Lithia Dodge of Las Cruces. The statute governing this Court's supplemental jurisdiction provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of

additional parties." 28 U.S.C. § 1367(a) Because the Court has original jurisdiction over the federal question claims against Lithia Motors, Inc. d/b/a Lithia Dodge of Las Cruces, and all the claims are so related that they form part of the same case or controversy, the Court has supplemental jurisdiction over the state-law claims. Accordingly, the motion to dismiss the remaining state-law claims against the Individual Defendants will be denied.

**THEREFORE,**

**IT IS ORDERED** that the Individual Defendants' Motion to Dismiss (Doc. 8) is **GRANTED** as to Plaintiffs' Sarbanes-Oxley Act and New Mexico Human Rights Act claims asserted against the Individual Defendants, and otherwise **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**