IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL PARKER and**
**RICK ZIMMERMAN,**

      **Plaintiffs,**

vs.                                            **No. CIV 13-1182 RB/GBW**

**LITHIA MOTORS, INC., d/b/a**
**LITHIA DODGE OF LAS CRUCES,**
**LITHIA MOTORS SUPPORT**
**SERVICES, INC., VINCENT ARMIJO,**
**Individually, RAY ALDERETTE, Individually,**
**and RUBEN LOZA, Individually,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Strike Answer or, Alternatively, to Deem Allegations Admitted. (Doc. 26). Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and relevant law, the Court finds that this motion should be denied.

**I.    Background**

On December 13, 2013, Plaintiffs filed suit in this Court alleging federal whistle-blower violations and state-law claims concerning alleged alteration of customer credit applications during their employment with Defendant Lithia Motors, Inc. d/b/a Lithia Dodge of Las Cruces. (Doc. 1). Defendant Lithia filed its Answer on February 11, 2014. (Doc. 21). Plaintiffs move to strike the Answer, or portions thereof, because Defendant Lithia stated it was "without information sufficient with which to either admit or deny" certain paragraphs of the Complaint.

In the alternative, Plaintiffs contend that the Court should deem admitted those allegations that were improperly answered. Defendant Lithia opposes this motion.

## II.     Standard

A motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure tests whether a pleading sets forth "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "A motion to strike is a drastic remedy[,]" which is disfavored by the courts and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.,* 306 F.2d 862, 868 (5th Cir.1962); *see also United States v. Hardage,* 116 F.R.D. 460, 463 (W.D. Okla. 1987).

## III.    Discussion

Rule 8 of the Federal Rules of Civil Procedure requires defendants responding to a complaint to "admit or deny the allegations asserted against it by an opposing party." FED. R. CIV. P. 8(b)(1)(B). An allegation of the complaint is admitted if "a responsive pleading is required and the allegation is not denied." FED. R. CIV. P. 8(b)(6). In addition to a denial or admission, a party may also respond that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation," which has the effect of a denial. FED. R. CIV. P. 8(b)(5). Rule 8(b) therefore permits three possible responses to a complaint: (1) admission; (2) denial; or (3) a disclaimer statement in compliance with Rule 8(b)'s provision for lack of knowledge or information, which is deemed a denial.

Plaintiffs contend that Defendant Lithia had a duty to investigate the veracity of the allegations of the Complaint before filing is Answer. Rule 8(b)(5) clearly allows a defendant to respond based on a lack of knowledge or information. FED. R. CIV. P. 8(b)(5). Indeed, "[i]f

knowledge of a fact cannot be ascertained within the time the party is given to answer with a modest expenditure of effort, a denial of knowledge or information is appropriate; the pleader is not compelled to make an exhaustive or burdensome search in order to determine the truth or falsity of his opponent's allegations." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1262 (2014) (collecting cases). The Court finds that Defendant Lithia's answers are legitimate denials based on a lack of knowledge or information as permitted by Rule 8(b)(5). Accordingly, the motion will be denied.

 **THEREFORE,**

 **IT IS ORDERED** that Plaintiffs' Motion to Strike Answer or, Alternatively, to Deem Allegations Admitted (Doc. 26) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**