IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL PARKER AND
RICHARD ZIMMERMAN,

    Plaintiffs,

v.                                                                                                        No. 13-cv-1182 RB/GBW

LITHIA MOTORS, INC., *doing business
as Lithia Dodge of Las Cruces, et al.*,

    Defendants.

**<u>ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL</u>**

THIS MATTER is before the Court on Plaintiffs' Motion to Compel. *Doc. 52.* The Court, having considered the parties' briefing (*docs. 53, 56*), the arguments presented at the March 24, 2015 hearing (*doc. 64*), and being otherwise fully advised, GRANTS the motion in part and DENIES it in part.

**I.    BACKGROUND**

This case concerns the employment of Plaintiffs Michael Parker and Richard Zimmerman at Lithia Dodge of Las Cruces. Plaintiffs allege that agents of Lithia Motors engaged in fraudulent activity, including altering customer credit applications. They contend that they suffered retaliation after reporting this allegedly fraudulent conduct to the Human Resources Manager for Lithia Motors. Plaintiffs further state that they faced unlawful discrimination on the basis of their race. They bring claims for violations of the Sarbanes-Oxley Act, common-law retaliation, intentional interference

1

with prospective economic advantage, negligent interference with prospective economic advantage, spoliation of evidence, discrimination and retaliation under the New Mexico Human Rights Act, and discrimination and retaliation under Title VII of the Civil Rights act of 1964.

Plaintiffs served their first set of discovery requests on the Corporate Defendants and the Individual Defendants on October 27, 2014. Defendants served their responses on December 22, 2014, raising a number of objections. Finding the objections to be without merit, Plaintiffs sent a letter to Defendants on December 30, 2014, in which they requested that Defendants supplement their responses and withdraw their objections by January 6, 2015, at 5:00 p.m.

Plaintiffs filed the instant Motion to Compel on January 12, 2015. As of that date, Defendants had not yet supplemented their responses to the propounded discovery requests. In their motion, Plaintiffs also move for sanctions under Rule 37. *See* FED. R. CIV. P. 37(a)(5).

## II. LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Moreover, "[r]elevant information need not be admissible at the trial if

2

the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Under Federal Rule of Civil Procedure 37(a), a party is permitted to file a motion to compel responses to properly propounded discovery. *See* FED. R. CIV. P. 37(a). A court may limit discovery if, after balancing the needs and costs of the proposed discovery, the costs "outweigh[] its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C).

### III. ANALYSIS

For the reasons discussed at the hearing, the Court hereby rules as follows.[1]

#### A. Discovery Requests to the Individual Defendants

Counsel confirmed that these matters have been resolved. Therefore, Plaintiffs' Motion to Compel is DENIED AS MOOT with respect to Requests for Production 1, 2, 3, 4, 6, & 7 to the Individual Defendants.

#### B. Discovery Requests to the Corporate Defendants

Plaintiffs' Motion to Compel is GRANTED IN PART with respect to Request for Production 12. Defendants are ordered to update their Excel spreadsheet to include the

---

[1] This portion of the order memorializes the oral rulings made in the Motion Hearing held on March 24, 2015. If there are any discrepancies between those rulings and this order, counsel should raise the issue with the Court immediately.

identity of the salesman who completed each sale within the requested time period, and are ordered to provide a copy of the breakdown of costs for each deal file from this time period. Defendants are further ordered to produce one complete deal file for a deal completed by Plaintiff Parker and one complete deal file a for a deal completed by Plaintiff Zimmerman.

Plaintiff's Motion to Compel is GRANTED IN PART with respect to Request for Production 15. Defendants shall provide Plaintiffs' counsel with access to review the deal files from the requested time period at a time and location agreed upon between the parties. The parties shall work on drafting a stipulated confidentiality order that would cover any sensitive information—such as a borrower's personal identifying information—that is later disclosed. Once a confidentiality order is in place, the parties may produce specific information in the deal files without the Court's participation, provided there is no dispute.

Plaintiff's Motion to Compel is DENIED AS MOOT with respect to Requests for Production 16, 17, 18, 19 & 21. Counsel confirmed that these matters have been resolved.

Plaintiff's Motion to Compel is DENIED with respect to Request for Production 22, as the value of the information sought does not outweigh the privacy interests of Mr. Whitesides. Should Mr. Whitesides consent to production of his personnel file, the Court will order disclosure.

Plaintiff's Motion to Compel is DENIED with respect to Request for Production 23.

Plaintiff's Motion to Compel is GRANTED IN PART with respect to Request for Production 25, only as to Lithia Dodge of Las Cruces and its lenders. Disclosure is limited to documents from June 2012, when Lithia Dodge of Las Cruces first opened, through 2013.

Plaintiff's Motion to Compel is GRANTED IN PART with respect to Request for Production 26. Disclosure is limited to agreements in effect beginning in June 2012.

### IV. SANCTIONS

Upon resolution of motions to compel, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* FED. R. CIV. P. 26(c)(3); FED. R. CIV. P. 37(a)(5). However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses unjust."[2] *Id*.

Plaintiffs seek costs and fees associated with their Motion to Compel. The Court finds that neither side fully prevailed on the merits and concludes that both parties

---

[2] Of course, the party must be given an opportunity to be heard as well. This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter. *See, e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).

failed to adequately confer on these matters.  Because both sides were partially at fault, the Court DENIES Plaintiffs' motion for costs and fees.

    IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE