UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL PARKER and
RICHARD ZIMMERMAN,

                **Plaintiffs,**

v.                                            Cause No.: 2:13-CV-01182-RB-GBW

LITHIA MOTORS, INC., d/b/a
LITHIA DODGE OF LAS CRUCES,
LITHIA MOTORS SUPPORT SERVICES, INC.,
VINCENT ARMIJO, Individually, RAY ALDERETTE,
Individually, and RUBEN LOZA, Individually.

                **Defendants.**

## DEFENDANTS' RESPONSE TO PLAINTIFFS' EMERGENCY MOTION TO COMPEL COMPLIANCE WITH DOC. NO. 65 AND FOR SANCTIONS

COME NOW, Defendants, by and through their counsel of record Hatcher & Tebo, P.A. (Christopher J. Tebo, Esq.) and for their Response to Plaintiffs' Emergency Motion to Compel Compliance with Doc. No. 65 and for Sanctions, state the following:

## INTRODUCTION AND STATEMENT OF THE ISSUE PRESENTED

Plaintiffs' Motion appears at the close of discovery in this case to boil down to a last ditch attempt to gain from this Court what the evidence developed thus far has yet to actually produce; namely, that Plaintiffs' claims of fraudulent alteration of consumer credit applications at Lithia's Las Cruces dealership are predicated upon more than mere allegations. Plaintiffs claim that their inability to schedule time before the close of discovery (which has already been extended by 30 days to June 15, 2015) to review thousands of pages of file documents is the result of Defendants' deliberate actions to frustrate discovery. This is simply not true. What is true is that Plaintiffs'

1

decisions regarding their use of time throughout the case's discovery period appear to have placed them in a position of now seeking not more time in discovery to review documents, but instead to request a stay of proceedings as sanctions against Defendants.

In effect, and notwithstanding more than two years of time and a clear scheduling order from this Court, Plaintiffs have yet to undertake the diligence necessary to complete their discovery efforts prior to the June 15, 2015 close of discovery.

Yet, instead of simply seeking additional time for discovery, Plaintiffs now strategically seek a stay proceedings claiming that Defendants have failed to comply with the Court's previous Order. The decision to seek sanctions (as opposed to more time) is significant because the effort does not appear to be for the purpose of acquiring more time to review documents but instead appears intended to preclude motion practice by Defendants, even as it forces the parties to prolong what can only be described as a frivolous lawsuit.

As will be highlighted in Defendants' forthcoming motions for summary judgment for each of Plaintiff's claims under section 1983, the New Mexico Human Rights Act and Sarbanes-Oxley/Dodd-Frank, and their claims under common law, neither Plaintiff can support their allegations with anything other than mere generalities. Based upon their depositions, neither Plaintiff has more than their continued claims of "good faith belief" that fraudulent activities took place to support their various allegations. Although Plaintiffs claim the documents they want to review will support the fraud claims, their Motion is absent any detail as to how this might be accomplished. For example, no specific deal files are described as proving the 'smoking gun' Plaintiffs hope to acquire.

Plaintiffs now argue that they have been frustrated in pursuing their claims by Defendants' actions. This assertion is a mischaracterization, but is none-the-less consistent with Plaintiffs'

willingness throughout these proceedings to file pleadings which appear designed more to increase the parties' costs than to address specific issues which will move the parties forward toward trial or a negotiated settlement.

But what Plaintiffs seek is not only a stay of proceedings but also judicial support for their claims of fraud and disparate treatment. *See*, *Motion, Doc. 95*, p. 14. Plaintiffs now want this Court to establish the validity of their fraud-related claims for them. In order to do this, however, the Court must ignore the overwhelming indication that after more than two years of litigation nothing in the evidentiary record supports those claims. The Court must also ignore the absence of any explanation in the Motion for why Plaintiffs have not undertaken either sufficient discovery within the time allotted or, having failed to do so, why they do not seek an extension of discovery at this time. As such, Defendants' respectfully request that this Court deny the Motion in its entirety.

## **ANALYSIS AND POINTS OF AUTHORITY**

1. Defendants Have Complied With the Court's Order Relative to Document Production.

A party seeking to compel compliance with a discovery order has the burden of proving that the opposing party has in fact failed to comply in substance with the Court's Order. *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y*, 298 F.R.D. 633 (S.D. Cal 2014). It is also a reasonable characterization that like a motion to compel, a motion to compel compliance with a discovery-related order such as here, must be accompanied by certification that the movant has in good faith conferred or attempted to confer with the other party in an effort to resolve the dispute without court action. *LaFleur v. Teen Help*, 342 F.3d 1145 (10th Cir. 2003). Notably absent from the Motion is such a certification by Plaintiffs. Contrary to Defendants' continued willingness to act in good faith and meet the requirements of the Court's

order, as well as accommodate Plaintiffs proposed deposition and document review schedule, Plaintiffs are now seeking Court involvement on the premise that Defendant is acting improper. This is an incorrect contention.

The Court's Order Granting in Part, Plaintiffs' Motion to Compel (Doc. 65) has been complied with by Defendants. Nothing in Plaintiff's Motion supports their claims that this is not the case. While the Motion implies that Defendants acted improperly when they sent courtesy copies of the Court-ordered (i.e. supplemental) discovery via email but also sent the discovery with their often-voluminous attached documents via U.S. Mail, the fact remains that the materials ordered by the Court to be produced have been produced.

Defendants have produced materials in response to RFP No. 12 (salesperson identities), RFP No. 25 (lender guidelines) and RFP No. 26 (lender agreements) per the Court's Order. Defendants have also made available for Plaintiffs' inspection and review all deal files generated between June 2012 and December 2012 (RFP No. 15). Plaintiffs claim that Defendants' production was not undertaken within 30 days of the issuance of the Court's Order but offers no authority for why Defendants were required to comply within that timeframe other than a citation to contract law. As Plaintiffs note in their Motion, compliance with "an order on a motion to compel responses for production should be understood to be *no less* than (30) days from the date the ordered is entered...". *Motion*, *Doc. 95*, p. 10 (*emphasis added*).

In this case, Defendants produced the required materials within a reasonable amount of time after the entry of the Court's order, in good faith and repeatedly kept Plaintiffs' counsel up to date regarding the status of the document production. Thus, there has been no willfulness or misconduct on the part of Defendants either as it relates to the Court's Order or to the extent that Plaintiffs are precluded from obtaining additional discovery in this case.

Further, at no point have Plaintiffs suggested that the timing of the document production after the Court's Order might require an additional period after the close of discovery for Plaintiffs to seek additional materials based on Defendants' supplemental production. In other words, if as Plaintiffs claim they need more time to respond to the supplemental production and potentially ask for new documents based on the supplemental-produced materials, why are they now seeking a stay of proceedings? Why not simply request additional time to respond to those specific documents. Given that at no point in this case have Defendants objected to Plaintiffs' reasonable demands relative to discovery (i.e. joint motion for extension of discovery and rescheduling of agreed-upon dates for various depositions), to now seek a stay of proceedings as sanctions in lieu of continued good faith cooperation appears unwarranted. One reasonable explanation for the filing of Plaintiffs' Motion is that Plaintiffs do not want an additional time for discovery to be provided to the parties by this Court, but instead want a stay of proceedings as sanctions in order that they may continue to review deal file documents even while precluding Defendants from undertaking motion practice subsequent to the close of discovery on June 15, 2015.

This Court should not entertain a stay of proceedings given the rational presented by Plaintiffs.

2. <u>The "Deal File Issue" is a Red Herring; Plaintiffs Do Not Require a Stay of Proceedings Given Their Absence of Due Diligence in Reviewing These Materials.</u>

Plaintiff's Motion claims that Defendants frustrated Plaintiffs' efforts to review the aforementioned deal files and thus "Plaintiffs have been prevented from uncovering fraud." *Motion*, *Doc. 95*, p. 11. This claim is unsubstantiated.

The most "significant" issue raised by Plaintiffs' Motion relates to the new and used car deal files created between June 2012 and January 2013. More than 450 files, each containing a range of individual documents consisting of anywhere between 60 and 100 pages have been

available for Plaintiffs review at the Lithia Las Cruces Dealership since early April 2015. These documents have been kept in storage on-site. Shortly after the Court's Order granting Plaintiffs' Motion to Compel in Part was issued, the files were moved out of storage and into a room within the dealership's main building. The entirety of the production consists of dozens of banker's boxes containing the individual deal files and their respective documents, each of which are self-contained within individual jacket folders. The files are in loose alphabetical order because that is how they are normally kept. Notwithstanding Plaintiffs' claim in their Motion, all the Court-ordered deal files were made conveniently accessible and available for review by Plaintiffs' counsel.

Plaintiff Zimmerman and his counsel first reviewed the deal files on Sunday, May 10, and reviewed them as they are normally kept in the course of Lithia's business. *Doe v. District of Columbia*, 231 F.R.D. 27, 36-7 (D.D.C. 2005)(producing party does not have to organize and label documents that are produced as they are kept). Nothing in how the deal file documents were stored at the Las Cruces dealership or were produced for counsel's review supports an assertion that the files were disorganized for the purpose of concealing information. *Bonilla v. Trebol Motors Corp.*, 1997 WL 178844 (D.P.R. 1997).

Yet, the Motion fails to acknowledge that Plaintiffs failed to consider just how many deal files were to be produced, or to schedule appropriate time to review those documents. As noted above, they only did so on the weekend before Mr. Zimmerman's deposition of Monday, May 11, 2015. Only during a telephone conference on the afternoon of May 7 with Defendants' counsel was it <u>first</u> suggested that a deal file review should occur in conjunction with Mr. Zimmerman's travel to Las Cruces for his deposition. Not once before that telephone conference did Plaintiffs suggest that reviewing the deal files was desired or would be necessary prior to Defendants taking

Mr. Zimmerman or Mr. Parker's depositions. Not once after those depositions were noticed in early April did Plaintiffs' counsel suggest that the deal files had anything to do with Mr. Zimmerman or Mr. Parker's depositions. Nor was it ever suggested by Plaintiffs' counsel that a full and complete review of the files would be necessary for Plaintiffs to prepare for their depositions or for the depositions of other defendants.

In a letter from Plaintiffs' counsel on May 8, in which, without consultation with Defendants per the Court's order, Plaintiffs' counsel unilaterally stated that Plaintiffs would begin reviewing those documents at 9:00 on Sunday, May 10, was a review of deal files actually scheduled. This first review took place beginning at 1 p.m. on that day. For the Court's benefit a full and <u>complete</u> copy of the email correspondence between the parties' counsel is attached herein as "*Exhibit A*."

Plaintiffs argue that because Mr. Zimmerman lives in Texas their ability to review deal files is affected. While this may have something to do with Plaintiffs' failure to schedule time to review the deal files prior to May 10, it is not Defendants' burden to shoulder. The deal files are located in Las Cruces. The fact that Mr. Zimmerman lives out of state and must travel to review them and Plaintiffs represent that Mr. Zimmerman's review is necessary in order make the review meaningful, is again not the Defendants' issue to resolve. If Mr. Zimmerman must be present at the time of document review this requires Plaintiffs' counsel to arrange a sufficient amount of time to review the files with Mr. Zimmerman present.

Plaintiffs also fail to mention in their Motion that Mr. Parker resides in Las Cruces, New Mexico. Given that the fraud-related allegations of both Plaintiffs are virtually identical in their Complaint, it stands to reason that Mr. Parker should also be able to attend his counsel's review of the deal file documents. That said, Plaintiffs' failure to schedule the first document review until

7

just over one month prior to the close of discovery does not justify an argument that proceedings should be stayed as a sanction to Defendants. Plaintiffs' Motion should therefore be denied as to this issue.

3. <u>A Stay of Proceedings is Not Justified and Will Greatly Prejudice Defendants</u>

Plaintiffs have issued notices for the depositions of the Corporate Defendants' deponents under Fed.R.Civ.P. 30(b)(6). Gary Richardson and Laurie Rooper are scheduled to have their depositions taken on June 9 and 10 respectively. Both deponents are traveling from Lithia's Corporate Headquarters in Medford, Oregon to sit for their depositions in Las Cruces.

This Court has scheduled a hearing on Plaintiffs' Motion for Monday June 8. Plaintiffs' counsel has informed the undersigned that if the Court issues a stay of proceedings subsequent to that hearing, then the 30(b)(6) depositions will <u>not be taken</u> as previously noticed. This means that if a stay is ordered by this Court Ms. Rooper and Mr. Richardson's travel to New Mexico for the sole purpose of having their depositions taken will be a clear waste of time and money.

Further, permitting Plaintiff to cancel these depositions after having represented via notice that they will be taken on June 9 and 10 will also greatly prejudice the Corporate Defendants insofar as they have already incurred significant costs to make these deponents available and to prepare them for their depositions. Defendants have not failed to comply with the Court's Order to justify that such a financial sanction be imposed.

Further, a stay of proceedings as requested by Plaintiff will have the effect of precluding Defendants from filing dispositive motions based upon the undisputed facts generated thus far in discovery. Plaintiffs appear to be arguing that while they believe fraud occurred, they as of yet have no idea which deals involved the alleged fraud. Yet, Plaintiffs bring claims unrelated to fraud under Section 1983 and the New Mexico Human Rights Act, as well as common law tort. Nothing

in the deal files is suggested by Plaintiffs as relating to either of these issues; yet a stay imposed on the proceedings will preclude Defendants from filing motions for summary judgment on those claims. This will prejudice Defendants insofar as it will prolong the action unnecessarily as to those issue, force continued defense costs to escalate, and continue to provide viability to many of Plaintiffs' claims that might otherwise be disposed of summarily.

In sum, as Defendants have fully complied with the Court's Order and because of the prejudicial effect on Defendants that a stay will impose given the absence of sufficient justification that Defendants' actions should lead to imposition of sanctions under Fed.R.Civ.P. 37(b)(2), Defendants request that this Court deny Plaintiffs' Motion in its entirety.

Respectfully,

HATCHER & TEBO, P.A.

s/Christopher J. Tebo
Christopher J. Tebo
150 Washington Avenue, Suite 204
Santa Fe, NM 87501
(505) 983-6525
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of June, 2015, I filed the foregoing document, electronically through the CM/ECF system to counsel and parties of record.

s/Christopher J. Tebo
Christopher J. Tebo