IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL PARKER AND
RICHARD ZIMMERMAN,

       Plaintiffs,

v.                                                          No. 13-cv-1182 RB/GBW

LITHIA MOTORS, INC., *doing business*
*as Lithia Dodge of Las Cruces, et al.,*

       Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EMERGENCY MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiffs' Emergency Motion to Compel. *Doc. 95.* The Court, having considered the parties' briefing (*docs. 103, 107*), the arguments presented at the June 8, 2015 hearing (*doc. 110*), and being otherwise fully advised, GRANTS the motion in part and DENIES it in part.

## I.   BACKGROUND

This case concerns the employment of Plaintiffs Michael Parker and Richard Zimmerman at Lithia Dodge of Las Cruces (LDLC). Plaintiffs contend that they suffered retaliation after reporting allegedly fraudulent conduct at LDLC to the Human Resources Manager for Lithia Motors, Inc. *See generally doc. 1.*

Plaintiffs filed the instant Emergency Motion to Compel (*doc. 95*) on May 21, 2015, requesting that the Court order the Corporate Defendants (Lithia Motors, Inc., and Lithia Motors Support Services, Inc.) to fully comply with the Court's prior Order

Granting in Part Plaintiffs' Motion to Compel (*doc. 65*).  The Court entered its previous order on April 1, 2015, following a hearing held on March 24, 2015.  Plaintiffs now argue that the Corporate Defendants have not adequately complied, and request relief in the form of: (1) full and immediate compliance with the Court's order, (2) an order directing that Plaintiffs have proven certain facts, and/or (3) a stay of proceedings until the Corporate Defendants have fully complied with the Court's order.  *See generally doc. 95.* Plaintiffs also request costs and fees incurred in connection with the instant motion.

## II.    LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  FED. R. CIV. P. 26(b)(1).  "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  *Id.*  Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

Under Federal Rule of Civil Procedure 34(a), "[p]arties may . . . serve on any other party a request within the scope of Rule 26(b) for production of documents in the responding party's possession, custody, or control."  *Abreu v. N.M. Children*, No. 08–1006-JB/RLP, 2010 WL 4053978, at *4 (D.N.M. Sept. 30, 2010) (quotations omitted).  This rule "enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party, if such party has retained any right or ability to influence the person in whose possession the documents lie."  *Bruner-McMahon v. Cnty.*

2

*of Sedgwick*, No. 10–1064–KHV–GLR, at *1 (D. Kan. Aug. 23, 2011).  "Courts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain the documents on demand."  *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 516-17 (D. Kan. 2007) (quotations omitted).  If a document is not in a party's possession, custody, or control, that party "shall affirmatively state so in a supplemental response."  *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 307 (D. Kan. 1996).

Under Federal Rule of Civil Procedure 37(a), a party is permitted to file a motion to compel responses to properly propounded discovery.  *See* FED. R. CIV. P. 37(a).  A court may limit discovery if, after balancing the needs and costs of the proposed discovery, the costs "outweigh[] its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  FED. R. CIV. P. 26(b)(2)(C).

Finally, a Court's Scheduling Order "may be modified only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4).

## III.   DISCUSSION

For the reasons discussed at the hearing, the Court finds that there is good cause to extend the Court's previously set discovery deadline (*see doc. 82*), and hereby rules as

follows.[1]

- The Court shall extend the discovery period from June 15, 2015, to

  **September 15, 2015**.  Any discovery extending past June 15, 2015, shall be

  limited to subject matter relating to Plaintiffs' Sarbanes-Oxley claims.

- Pursuant to the agreement of the parties, the 30(b)(6) depositions

  scheduled for the week of June 8, 2015, shall go forth as planned.

  Plaintiffs may later re-depose these deponents, preferably by telephone,

  should new information be uncovered in the upcoming discovery.

- Plaintiffs' review of the LDLC deal files shall be completed by no later

  than **August 15, 2015**.

- Defendants shall produce all lender guidelines and agreements by no later

  than **June 23, 2015**.  This includes guidelines and agreements that are not

  currently in LDLC's possession and must be obtained from the lenders.

  *See* FED. R. CIV. P. 34(a).

- The deadline for discovery motions relating to Plaintiffs' Sarbanes-Oxley

  claims shall be 21 days after the parties reach an impasse on their meet

  and confer.  *See* D.N.M.LR-Civ. 26.6.

- Dispositive motions shall be due no later than **October 15, 2015**.

---

[1] This portion of the order memorializes the oral rulings made in the Motion Hearing held on June 8, 2015.  If there are any discrepancies between those rulings and this order, counsel should raise the issue with the Court immediately.

## IV.   SANCTIONS

Plaintiffs also seek costs and fees associated with their Emergency Motion to Compel.  Upon resolution of motions to compel, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion.  *See* FED. R. CIV. P. 26(c)(3); FED. R. CIV. P. 37(a)(5).  However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses unjust."[2]  *Id*.

Given the inadequacy of the meet and confer conducted on these matters, the Court finds that the "circumstances make an award of expenses [to either side] unjust." Therefore, the Court DENIES Plaintiffs' motion for costs and fees.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[2] Of course, the party must be given an opportunity to be heard as well.  This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter.  *See, e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).