IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL PARKER AND
RICHARD ZIMMERMAN,

    Plaintiffs,

v.                                                               No. 13-cv-1182 RB/GBW

LITHIA MOTORS, INC., *doing business*
*as Lithia Dodge of Las Cruces, et al.*,

    Defendants.

## ORDER GRANTING MOTION TO MODIFY THE STIPULATED CONFIDENTIALITY ORDER

THIS MATTER is before the Court on Plaintiffs' Opposed Motion to Modify the Stipulated Confidentiality Order. *Doc. 185.* The Court, having considered the parties' briefing (*docs. 185, 186, 187*), the arguments presented at the April 27, 2016 hearing (*doc. 190*), and being otherwise fully advised, GRANTS the motion.

In the underlying case, the Court entered a Stipulated Confidentiality Order (hereinafter "SCO"). *See doc. 105.* The SCO, as modified (*see doc. 184*), required that "Counsel shall destroy any file copies of the documents [subject to the SCO] within 90 days of the conclusion of all trial and appellate proceedings or settlement." *Id.* All proceedings in the case were concluded pursuant to a Stipulation of Dismissal filed on November 19, 2015. Consequently, the SCO required destruction of the documents no

later than February 17, 2016.¹  In the instant motion, Plaintiffs seek an extension until May 16, 2016 as to the "deal files" subject to the SCO.

Plaintiffs' counsel seek the extension because they have "been retained by a customer of [Defendants] whom [they] had never heard of prior to January, 2016, to represent him in connection with a claim against [Defendants] arising out of a transaction with [Defendants] in which it reasonably appears that his income was misrepresented to a lender."  *Doc. 185* at 2.  That allegation is the subject of an action in state court.  *See doc. 187*, Ex. 1.  Plaintiffs' counsel argues that the deal files discovered in the instant case are relevant in the state case.²

The Court of Appeals for the Tenth Circuit has addressed this issue in a very similar circumstance.  In *United Nuclear Corporation v. Cranford Ins. Co.*, 905 F.2d 1424, 1426 (10th Cir. 1990), the original parties to a lawsuit agreed to a stipulated protective order "declaring all discovery materials to be confidential and prohibiting their use or disclosure other than for preparation for or use at trial."  Pursuant to a settlement, documents produced by the defendants would be retained under seal for ten years.  *Id*.  Three years after the case settled, third parties intervened and sought access to the documents for use in their actions against the defendants in collateral litigation.  *Id*.

First, the *United Nuclear* court confirmed that, "[a]s long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if

---

¹ Given that the motion was not filed until March 7, 2016, it seeks an extension *nunc pro tunc*.  Defendant, however, has not argued that the motion should be denied as untimely.  Thus, any such argument is waived.

² To be clear, the undersigned expresses no opinion on their relevance.

2

the underlying suit has been dismissed." *Id*. at 1427.  Second, the court adopted the following standard:

> [W]here an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.  Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order.

*Id*. at 1428 (quoting *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980).

Moreover, the court explicitly noted that:

> Defendants' desire to make it more burdensome for Intervenors to pursue their collateral litigation is not legitimate prejudice.  [A]ny legitimate interest the defendants have in continued secrecy as against the public at large can be accommodated by placing Intervenors under the restrictions on use and disclosure contained in the original protective order.

*Id*. (citations omitted).

The undersigned is concerned that setting such a high burden on the party seeking to simply enforce a confidentiality order as written dramatically undermines the security that confidentiality agreements/orders provide parties as they proceed through discovery.  Nonetheless, the holding of *United Nuclear* appears to control the instant motion and Defendants offer no argument to distinguish it.  *See docs. 186, 190*.  As such, the question is whether Defendants can establish that granting the motion would "tangibly prejudice [their] substantial rights."  In their Response, Defendants point to no such prejudice.  *See generally doc. 186*.  At the hearing, their counsel argued that (i) the extended time increased the risk of inadvertent disclosure, and (ii) use of the

"deal file" discovery in the state case would prevent counsel from appropriately objecting to the discovery process in the state case. *See doc. 190.* As explained at the hearing, the undersigned is not persuaded that either argument establishes a tangible prejudice to Defendants' substantial rights. Therefore, under *United Nuclear*, the modification cannot be denied.

    **WHEREFORE** the Court **GRANTS** Plaintiffs' Opposed Motion to Modify the Stipulated Confidentiality Order (*doc. 185*). Paragraph 15(b) of the SCO (*docs. 105, 184*) is modified to provide that "Counsel shall destroy any file copies of the documents by May 16, 2016. Counsel agree that when the documents are destroyed in accordance with this Order, counsel will provide notification to opposing counsel."

    **IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE