IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


MICHAEL PARKER AND
RICHARD ZIMMERMAN,

    Plaintiffs,

v.                                                                                    No. 13-cv-1182 RB/GBW

LITHIA MOTORS, INC., *doing business*
*as Lithia Dodge of Las Cruces, et al.*,

    Defendants.

## ORDER DENYING SECOND MOTION TO MODIFY THE STIPULATED CONFIDENTIALITY ORDER

THIS MATTER is before the Court on Plaintiffs' [Second] Opposed Motion to Modify the Stipulated Confidentiality Order. *Doc. 192*. The Court, having considered the parties' briefing (*docs. 192, 193, 194*), the arguments presented at the July 5, 2016 hearing (*doc. 197*), and being otherwise fully advised, DENIES the motion.

In the underlying case, the Court entered a Stipulated Confidentiality Order (hereinafter "SCO"). *See doc. 105*. The SCO, as modified (*see doc. 184*), required that "Counsel shall destroy any file copies of the documents [subject to the SCO] within 90 days of the conclusion of all trial and appellate proceedings or settlement." *Id*. All proceedings in the case were concluded pursuant to a Stipulation of Dismissal filed on November 19, 2015. Consequently, the SCO required destruction of the documents no later than February 17, 2016. After this deadline passed, on March 7, 2016, Plaintiffs filed their first opposed motion to modify the SCO. *See doc. 185*. In the motion,

Plaintiffs sought an extension until May 16, 2016 as to the "deal files" subject to the SCO. After a hearing on the matter, the Court granted the extension as requested. *See docs. 190, 191*.

On May 23, 2016, again after the deadline set by Court order for the destruction of the documents subject to the SCO, Plaintiffs filed the instant motion seeking a second extension. *See doc. 192*. On this occasion, Plaintiffs move for an indefinite extension to "sixty (60) days after the conclusion of all trial and appellate proceedings in this matter and in the matter of the case styled Josiah Fowler v. Lithia Motors, Inc., d/b/a/ Lithia Dodge of Las Cruces, Lithia Motors Support Services, Inc., Vincent Armijo, individually, and Ray Alderette, Individually, No. No. [sic] D-307-CV-2016-130 (3d Jud. Dist. Ct. N.M.)." *Id*. at 3. Plaintiffs' counsel seek the extension for the same reason expressed in their first motion -- because they have "been retained by a customer of [Defendants] whom [they] had never heard of prior to January, 2016, to represent him in connection with a claim against [Defendants] arising out of a transaction with [Defendants] in which it reasonably appears that his income was misrepresented to a lender." *Doc. 192* at 2; *see also doc. 185* at 2. That allegation is the subject of an action in state court. *See doc. 187*, Ex. 1. Plaintiffs' counsel argues that the deal files discovered in the instant case are relevant in the state case.

As before, Plaintiffs argue that the standard expressed in *United Nuclear Corporation v. Cranford Ins. Co.*, 905 F.2d 1424, 1426 (10th Cir. 1990) governs, and that, under its standard, the SCO should be modified. With more vigor than before,

Defendants argue that subsequent cases demonstrate that *United Nuclear* does not require the requested modification. The Court need not pick a side.

As noted above and by Defendants, the deadline for Plaintiffs' full compliance with the SCO has passed. *See doc. 193* at 2 ("Now, again after the deadline for the destruction of the deal files passed …, Plaintiffs filed their second Motion to Modify the SCO."). Compliance required not just destruction of documents subject to the SCO in the possession of the named Plaintiffs (which has been certified), but destruction by counsel of their file copies. *See doc. 191; see also doc. 183* at 5, 6. This deadline was set not simply by the rules, but in an Order of the Court. Twice, it has passed without compliance. Twice, Plaintiffs have sought a *nunc pro tunc* modification of their responsibilities under the SCO. While the Court excused the failure once, Plaintiffs fail to show good cause to be excused again.

Therefore, the Court will DENY the Plaintiffs' [Second] Opposed Motion to Modify the Stipulated Confidentiality Order (*doc. 192*) as untimely. Plaintiffs' counsel will comply with the SCO as currently modified (*docs. 105, 184, 191*) within seven days of this Order. However, to the extent that the SCO could be read to require Defendants' counsel to destroy his file copies of the deal files, the Court hereby modifies the SCO to remove that requirement. Moreover, Defendants' counsel is ordered to maintain all electronic and paper copies of the deal files in his possession until sixty (60) days after the conclusion of all trial and appellate proceedings in this matter and in the matter of the case styled Josiah Fowler v. Lithia Motors, Inc., d/b/a/ Lithia Dodge of Las Cruces,

3

<u>Lithia Motors Support Services, Inc., Vincent Armijo, individually, and Ray Alderette, individually</u>, No. D-307-CV-2016-130 (3d Jud. Dist. Ct. N.M.).  Should the state district judge in that case order disclosure of some or all of such deal files, they may be produced from Defendants' counsel's files.

    **IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE