IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL PARKER AND
RICHARD ZIMMERMAN,

    Plaintiffs,

v.                                                                                      No. 13-cv-1182 RB/GBW

LITHIA MOTORS, INC., *doing business*
*as Lithia Dodge of Las Cruces, et al.*,

    Defendants.

## ORDER DENYING MOTION TO STAY

THIS MATTER is before the Court on Plaintiffs' Opposed Motion to Stay the Destruction of Deal Files Produced in Response to RFP No. 15 (*doc. 199*). The Court, having considered the parties' briefing (*docs. 199, 200)*, and being otherwise fully advised, will DENY the motion.

In the underlying case, the Court entered a Stipulated Confidentiality Order (hereinafter "SCO"). *See doc. 105*. The SCO, as modified (*see doc. 184*), required that "Counsel shall destroy any file copies of the documents [subject to the SCO] within 90 days of the conclusion of all trial and appellate proceedings or settlement." *Id*. All proceedings in the case were concluded pursuant to a Stipulation of Dismissal filed on November 19, 2015. Consequently, the SCO required destruction of the documents no later than February 17, 2016. After this deadline passed, on March 7, 2016, Plaintiffs filed their first opposed motion to modify the SCO. *See doc. 185*. In the motion,

Plaintiffs sought an extension until May 16, 2016 as to the "deal files" subject to the SCO. After a hearing on the matter, the Court granted the extension as requested. *See docs. 190, 191*.

On May 23, 2016, again after the deadline set by Court order for the destruction of the documents subject to the SCO, Plaintiffs filed a motion seeking a second extension. *See doc. 192*. On that occasion, Plaintiffs moved for an indefinite extension to "sixty (60) days after the conclusion of all trial and appellate proceedings in this matter and in the matter of the case styled Josiah Fowler v. Lithia Motors, Inc., d/b/a/ Lithia Dodge of Las Cruces, Lithia Motors Support Services, Inc., Vincent Armijo, individually, and Ray Alderette, Individually, No. No. [sic] D-307-CV-2016-130 (3d Jud. Dist. Ct. N.M.)." *Id*. at 3. Plaintiffs' counsel sought the second extension for the same reason expressed in their first motion -- because they have "been retained by a customer of [Defendants] whom [they] had never heard of prior to January, 2016, to represent him in connection with a claim against [Defendants] arising out of a transaction with [Defendants] in which it reasonably appears that his income was misrepresented to a lender." *Doc. 192* at 2; *see also doc. 185* at 2. That allegation is the subject of an action in state court. *See doc. 187*, Ex. 1. Plaintiffs' counsel argued that the deal files discovered in the instant case are relevant in the state case.

After another hearing on the matter, the Court denied Plaintiff's second motion for extension. *See docs. 197, 198*. The basis for the denial was Plaintiffs' repeated failure to timely destroy the deal files by the deadline set by the Court order in effect at the

2

time. *See doc. 198*. The Court set a new deadline for destruction of July 15, 2016. On that date, instead of complying, Plaintiffs have filed the instant motion. While styled as a motion to stay, the motion is essentially a motion to reconsider. It, as with the previous motions, asks for an extension of time within which to comply with the order to destroy the discovery which was produced under the protective order. On this occasion, Plaintiffs seek an extension "pending an order in the State court action on the Special Master's application to the Court for action upon his request and upon the objections (if any) thereto." *Doc. 199* at 4-5.

In support of its motion to reconsider, Plaintiffs offer the following changed circumstances: (1) the state district judge's pithy opinion about the destruction requirement, and (2) the possibility that the parties in the state court may use a special master to review the deal files to determine their discoverability in the state case. *See generally doc. 199*. Neither fact justifies reversing or staying this Court's earlier order. Most significantly, neither item addresses the basis of the Court's order – Plaintiffs' failure to show good cause to excuse their failure to comply with the Court order or timely file for an extension thereto. Secondly, the appointment of a special master to review the deal files (if and when it occurs) does not necessitate permitting Plaintiffs' counsel to retain those files pending his review. Defendants' counsel can simply transfer the electronic and paper copies of the deal files to the special master for the review. After review, the relevant and discoverable documents can be transferred to Plaintiffs' counsel.

3

In their Response, Defendants ask for an award of attorneys' fees arguing that Plaintiffs have acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  *See doc. 200* at 3.  While Plaintiffs' motion borders on vexatious, the Court will deny the request.

Wherefore, the Court DENIES Plaintiffs' Opposed Motion to Stay the Destruction of Deal Files Produced in Response to RFP No. 15 (*Doc. 199*).  Plaintiffs' counsel will comply with the SCO as currently modified (*docs. 105, 184, 191, 198*) immediately.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE